## KOOPERBERG v. SUSSMAN.

(Supreme Court, Appellate Term. May 15, 1908.)

LANDLORD AND TENANT—PREMISES—INJURIES FROM DEFECTIVE CONDITIONS— ACTIONS FOR INJURIES FROM NEGLIGENCE.

The wife of a tenant of an apartment house was injured, while in the yard of the premises, by the fall upon her of sheets of tin claimed to have come from the roof of the house. At the time no work was being performed upon the roof, and none had been done thereon since it had originally been put on. No tin was missing from the roof after the injury occurred. The premises at the time of the accident were in the possession of one under a written lease made by defendant and another. It was not shown that the accident was due to any act or omission of duty on the part of defendant, or that he was connected in any way with the sheets of tin. Under the terms of the lease he was obliged to keep the roof in repair. Held, that defendant could not be held liable for the injury on any theory; he not being responsible therefor, even though the accident were due to the negligence of his tenant.

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Toba Kooperberg against Barnet Sussman. From a judgment dismissing the complaint, plaintiff appeals. Affirmed.

Argued before GILDERSLEEVE, P. J., and GIEGERICH and GREENBAUM, JJ.

Gainsburg & Solomon (I. Gainsburg, of counsel), for appellant. J. Leon Brandmarker, for respondent.

PER CURIAM. The plaintiff, the wife of a tenant of an apartment house, was injured, while in the yard of the premises, by the fall upon her of sheets or pieces of tin or other metal, which it is claimed came from the roof of the house in which she lived. It was not shown, however, that the accident was due to an act or omission

of a duty on the part of the defendant. No work of any kind was being performed upon the roof when the accident happened, and, so far as the record discloses, none had been done since the roof, which was coated with tar, had originally been put on, and no tin or metal was missing from the roof after the accident happened. The premises at the time of the accident were in the possession of one William Frankel, under a written lease made by the defendant and another. Under these circumstances, it is difficult to perceive upon what theory the defendant can be held accountable for the accident.

As above shown, he was at the time of the happening of the accident a part owner of the premises, but was not in possession or control of any part of them. Consequently, even if the accident was due to the negligence of his tenant, he would not be responsible therefor. 1 Shearman & Redfield on Negligence (5th Ed.) § 120. It is claimed by the plaintiff that the defendant should be held liable for the accident because, under the terms of the lease referred to, he was obliged to keep the roof in repair. There was no proof, however, that the defendant made or caused to be made any repairs upon the roof at or about the time when the accident occurred, nor was there any proof whatever connecting the defendant with the sheets or pieces of tin or other metal by which the plaintiff was injured.

The judgment should therefore be affirmed, with costs.

GILDERSLEEVE and GIEGERICH, JJ., concur. GREENBAUM, J., concurs in the result.